■    In the Matter of RUTH ROTH, on Behalf of Her Deceased Mother, LENA KRUSS, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated April 7, 1977, and made after a statutory fair hearing, which affirmed a determination of the local agency denying an application for medical assistance. Determination confirmed and petition dismissed on the merits, without costs or disbursements. There was sufficient evidence to sustain the findings of the respondent State commissioner. Hopkins, J. P., Suozzi and Cohalan, JJ., concur.

Lazer, J., dissents and votes to grant the petition, annul the respondent State commissioner's determination and grant the application for medical assistance, with the following memorandum, in which Martuscello, J., concurs: In July, 1975 the 83-year-old decedent withdrew $5,000 of the $8,634 in her savings account and gave cash gifts of $1,250 to each of her four grandchildren. On August 25, 1976, after entering a health-related facility, she made an application for medical assistance. Section 366 (subd 1,

par [e]) of the Social Services Law precludes such assistance to anyone who makes a voluntary transfer of property in order to qualify for it and, in August, 1976, the section also provided that a transfer of property made within one year of a date of application for medical assistance would be presumed to have been made for the purpose of qualifying for assistance. The Nassau County Department of Social Services denied the application on the ground that the decedent's gifts were made for the purpose of qualification. Although the respondent State commissioner affirmed the determination I do not believe there was substantial evidence to support it. When the decedent gave the gifts in issue she had been suffering from hypertension for a considerable period of time and also was afflicted with osteoarthritis. From these facts the State commissioner has drawn the inference that decedent made the transfers intending to enter an institution a year later and to qualify for medical assistance. Absent any real evidence to support this conclusion it is plain that the commissioner has set forth a principle which provides that a sickly person who transfers assets slightly more than one year prior to applying for medical assistance will be presumed to have made the transfer in order to qualify. Such an extension of the statutory presumption without a statutory basis cannot stand. Absent the presumption the commissioner's determination lacks the requisite substantial evidence to support it. Indeed, it sets inference upon inference and it should be annulled.